IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD A. KNIPFER,

                Plaintiff,

v.

DOUG BELLILE and LISA POULIE,

                Defendants.[1]

OPINION and ORDER

19-cv-880-jdp

---

Plaintiff Ronald A. Knipfer, appearing pro se, is a patient confined at Sand Ridge Secure Treatment Center under Wis. Stat. Chapter 980. He alleges that staff at Sand Ridge limited his right to send mail by ordering him to leave his outgoing mail unsealed for inspection by staff. Knipfer contends that this violated his rights under the First and Fourteenth Amendments to the United States Constitution as well as Wis. Stat. § 51.61 ("Patients rights").

Knipfer named Sand Ridge Director Doug Bellile as the sole defendant in his original complaint. Dkt. 1. He followed with an amended complaint adding Lisa Poulie, the unit manager who issued him the notice restricting his rights, as a defendant, Dkt. 6. But Poulie has not yet been served with the complaint. Bellile has filed a motion to dismiss the case for Knipfer's failure to state a claim upon which relief may be granted. Dkt. 9. Bellile contends that civilly committed patients like Knipfer do not have a First Amendment right to send out mail without it being monitored, that Knipfer cannot bring a Fourteenth Amendment due

---

[1] I've amended the caption to provide the proper spelling of defendant Bellile's name as found in his submissions.

process claim because the deprivation here does not implicate a liberty interest, and that the deprivation doesn't violate Wis. Stat. § 51.61.

In response, Knipfer filed a brief in opposition, Dkt. 14, a motion for leave to amend his complaint, Dkt. 12, and a proposed second amended complaint, Dkt. 13. In his proposed amended complaint, Knipfer adds that his mail restriction had no exception for legal mail, meaning that any outgoing legal mail he sent would also be inspected.

Knipfer's complaints are quite similar to two recent cases in this court brought by another patient at Sand Ridge alleging that his outgoing mail was being monitored. *Hedgespeth v. Bellile*, No. 20-cv-361-bbc, 2020 WL 3403096 (W.D. Wis. June 19, 2020); *Hedgespeth v. Belial*, No. 19-cv-888-bbc, 2019 WL 6909698 (W.D. Wis. Dec. 19, 2019). This court dismissed both cases at the outset, concluding that the patient did not have a right to avoid mail monitoring under either the First or Fourteenth Amendments. *See, e.g.*, 2019 WL 6909698, at *1 (citing *Walker v. Hayden*, 302 F. App'x 466, 467 (7th Cir. 2008) (holding that conditions restricting patients' ability to leave facility, receive visitors, monitoring telephone calls, inspecting property and mail, requiring institutional clothing and requiring restraints during transport were justified by security and safety concerns); *Thielman v. Leean*, 282 F.3d 478, 483 (7th Cir. 2002)).

Knipfer's proposed amended allegation that there is no monitoring exception for legal mail gets closer to stating a claim. Legal mail is afforded more protection than ordinary mail because interference with it can violate an inmate's or patient's right of access to the courts. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). But a plaintiff attempting to bring an access-to-the-courts claim must allege that officials are hindering his ability to litigate a meritorious claim. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Knipfer does not do

this. Although he states that facility officials make no exception for legal mail, he doesn't actually say that he has attempted to send out any legal mail, much less that officials have interfered with his ability to prosecute a meritorious legal claim.

Because of these problems, even Knipfer's proposed second amended complaint fails to state a federal claim upon which relief may be granted. Without a federal claim, I cannot consider Knipfer's state-law claim unless he meets the requirements for this court's diversity jurisdiction. But Knipfer does not explain his citizenship or that of any of either defendant. *See* 28 U.S.C. § 1332. So I'll deny his motion for leave to amend his complaint as futile.

I'll grant Bellile's motion to dismiss in part. I won't dismiss the entire case because the court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend his complaint to fix the problems noted by the court. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Instead, I'll dismiss Knipfer's operative complaint, and I'll give him a short time to submit a new amended complaint that better explains his claims. Knipfer should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should specifically explain how the monitoring of legal mail has harmed him.

Knipfer also asks the court to reissue a summons for defendant Poulie because service has not yet been accomplished. I'll deny that motion as moot for now. If Knipfer ends up stating claims for relief against Poulie, and Knipfer has still not heard back from the sheriff to whom he sent the summons form, he can renew his motion.

Bellile has filed a motion to stay the expert-disclosure and dispositive-motion deadlines pending a resolution of his motion to dismiss. I'll grant that motion and reset those deadlines should Knipfer successfully amend his complaint to state a viable claim.

ORDER

IT IS ORDERED that:

1. Defendant Bellile's motion to dismiss the case, Dkt. 9, is GRANTED in part. Plaintiff Ronald A. Knipfer's operative complaint, Dkt. 6, is DISMISSED.

2. Plaintiff may have until September 29, 2020, to file an amended complaint that properly states a claim for relief.

3. Plaintiff's motion for leave to file a second amended complaint, Dkt. 12, is DENIED as futile.

4. Plaintiff's motion for the court to reissue summons for defendant Poulie, Dkt. 15, is DENIED without prejudice.

5. Defendant Bellile's motion to stay the schedule, Dkt. 17, is GRANTED.

Entered September 9, 2020.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge